UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERESA CLIFTON GOLDEN, ET AL.
                                                             CIVIL ACTION

v.

                                                            No. 13-547-JWD-SCR

COLUMBIA CASUALTY COMPANY, ET AL.

## RULING AND ORDER

This matter comes before the Court on fifteen of the eighteen motions in limine filed by the parties. (*See* R. Docs. 70, 74, 75, 77, 79-84, and 86-90).[1] All of the motions are opposed, with one exception. (*See* 72, 94, 96, and 98-104). Having considered the law, facts in the record, and arguments of the parties, the Court is prepared to rule. Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion in Limine to Exclude Testimony of George Armbruster (R. Doc. 70) is **GRANTED IN PART** and **DENIED IN PART**. As this Court explained in *Fobbs v. Davis*, No. 3:11-CV-00700, 2015 WL 3682375 (M.D. La. June 12, 2015):

> Fed. R. Evid. 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." However, the Fifth Circuit has "repeatedly held that this rule does not allow an expert to render conclusions of law." *Snap–Drape, Inc. v. C.I.R.*, 98 F.2d 194, 198 (5th Cir.1996); *See also Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir.1983).
>
> "The task of separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile one." *Owen*, 698 F.2d at 240. In *Owen*, the Fifth Circuit explained:
>
>> The example given in the Advisory Committee Notes to Rule 704 is helpful. The question "Did T have capacity to make a will?" should be excluded. The question "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of this bounty and [ ] to formulate a rational scheme of distribution?" is permissible. The first question is phrased in such broad terms that it could as readily elicit a legal as well as a

---

[1] The Court notes its displeasure with the parties for the sheer number of motions filed, which strikes the Court as rather ridiculous. This does not bode well for trial.

> fact based response. A direct response, whether it be negative or affirmative, would supply the jury with no information other than the expert's view of how its verdict should read. Moreover, allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant.
>
> *Id. See also Louisiana Health Care Self Ins. Fund v. United States,* No. CIV.A. 12–766, 2014 WL 4828940, at *7 (M.D.La. Sept. 29, 2014) (same).

*Id.* at *1-2. As a result, Defendants' expert will not be permitted to testify as to any ultimate issue (e.g., whether a particular act by the Defendants was constitutional or not). *See id.* However, the expert can opine as to what standards are within the profession and his opinion as to whether the Defendants complied with those standards.

**IT IS FURTHER ORDERED** that the ruling on the Defendants' Motion in Limine to Exclude Any Evidence of Other Alleged Incidents, Claims, or Lawsuits involving the Livingston Parish Sheriff's Office or the Defendant Deputies (R. Doc. 74) is **DEFERRED**. Plaintiffs must give notice to the Court outside the presence of the jury if they want to submit evidence of prior acts of the Defendants or the Livingston Parish Sheriff's Office ("LPSO"). The Court can then make a determination outside the presence of the jury concerning whether such evidence is admissible.

**IT IS FURTHER OREDERED** that the Defendants' Motion in Limine to Exclude any Evidence of Disciplinary Action Taken Against Deputy Johnson or Sergeant Erdey is **DENIED IN PART** and **DEFERRED IN PART**:

- Any evidence that Johnson or Erdey was disciplined in connection with the events giving rise to this litigation is relevant and admissible.

- The issue of whether Johnson's transfer constituted discipline by the LPSO in response to this incident is a question for the jury. This evidence is admissible.

- The Court defers ruling on whether Plaintiff is permitted to present evidence concerning any disciplinary action taken against Johnson and Erdey for conduct unrelated to the events underlying this suit. Plaintiffs must give notice to the Court outside the presence of the jury if they want to submit such evidence, and the Court can then make a determination outside the presence of the jury concerning whether it is admissible.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude any Evidence or Argument that Defendants' Entry or Presence in the Golden Home was Illegal or Improper (R. Doc. 77) is **GRANTED**. This claim was dismissed.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Any Evidence or Testimony Regarding Teresa Golden's Medical Expenses (R. Doc. 79) is **GRANTED**. Plaintiffs cannot offer as evidence any documents that were not produced during discovery, if Defendants asked for such documents. However, if Plaintiffs demonstrate that they produced such documents during discovery, and if the documents are otherwise admissible (as they would be here), Plaintiffs may offer them at trial.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Any Documentary Evidence Regarding Cost Incurred to Defend Against Criminal Charges (R. Doc. 80) is **GRANTED IN PART** and **DENIED IN PART**. Again, Plaintiffs cannot offer as evidence any documents that were not produced during discovery, if Defendants asked for such evidence. However, if Plaintiffs demonstrate that they produced such documents during discovery, and if the documents are otherwise admissible (as they would be here), Plaintiffs may offer them at trial.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Correspondence Identified as Plaintiffs' Exhibits H and I in the Pretrial Order (R. Doc. 81) is **DENIED AS MOOT**. Defendants withdrew the motion.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Testimony and Medical Records of Dr. Brandi Basso (R. Doc. 82) is **DENIED WITHOUT PREJUDICE**. Defendants withdrew the motion, assuming that Dr. Basso was available for a deposition. Defendants may re-urge the motion if Dr. Basso was unavailable.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Recording of 911 Call and Related Evidence (R. Doc. 83) is **DENIED**. All of this evidence is relevant to the issue of what officers were told about Teresa Golden when they arrived, which in turn is relevant to the issue of whether they had probable to believe that she was a danger to herself. Further, all of this evidence is not hearsay because it is not being offered to prove the truth of the matter asserted but rather the fact that such information was told to the 911 responders and then the officers.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Testimony by Deana Amalio (R. Doc. 84) is **DENIED**. Amalio can provide relevant testimony as to the following issues: 1) how intoxicated Teresa Golden sounded on the day of the incident; 2) what Amalio told 911 dispatchers and Deputy Johnson on the day of the incident; and, 3) because Teresa Golden's credibility is essential to this case, whether Teresa Golden had attempted suicide before, as such testimony would contradict Teresa Golden's claims that she never attempted suicide on a previous occasion.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Testimony by Irrelevant Witnesses and Witnesses to Irrelevancies (R. Doc. 86) is **GRANTED IN PART**

4

and **DENIED IN PART**. Sharron Parker, Louise Taft Golden, and Billy McCartney are permitted to testify (to the extent that she can) as to how intoxicated Teresa Golden appeared on the day of the incident. However, the motion is granted in all other respects. The proposed testimonies of these witnesses, as described by the Defendants in their memorandum in opposition, involve collateral matters that are likely to confuse the jury. Further, any probative value is substantially outweighed by unfair prejudice and confusing the issues.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Evidence of Alleged Racial Epithets (R. Doc. 87) is **GRANTED**. Even if this evidence were relevant, its probative value is substantially outweighed by unfair prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Old and Irrelevant Medical Records (R. Doc. 88) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. The Court will not allow the introduction of these records *en masse* because of the possibility of including information that is irrelevant and/or prejudicial. The documents may be used for impeachment as to issues which are relevant, and objections as to whether the issue is relevant will be taken up on a question by question basis.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Unrelated Court and Police Records (R. Doc. 89) is **GRANTED IN PART** and **DENIED IN PART**. Evidence of prior suicide attempts may be admissible as impeachment evidence. However, any probative value from any evidence related to the remaining matters set forth by Defendants in their opposition (e.g., reports of sexual abuse against Mr. Golden and reports of Teresa having her children taken away from her) is substantially outweighed by unfair prejudice and confusing the issues.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude Unrelated Workers Compensation Records (R. Doc. 90) is **DENIED**. Plaintiff Teresa Golden is making a loss of wage-earning capacity claim, and evidence of an unrelated injury could impact her ability to earn. Thus, this evidence is relevant.

Signed in Baton Rouge, Louisiana, on September 30, 2015.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**